*H. M. Broadwell, J. E. Mozley,* for plaintiff.
*J. P. Brooke,* for defendant.

18614. NEWMAN *v.* GRIFFIN FOUNDRY & MACHINE CO.

Decided August 31, 1928.

*Henry Walker,* for plaintiff.

*Willingham, Wright & Covington,* for defendant.

Bell, J. Estelle Newman filed suit against Griffin Foundry and Machine Company to recover damages for the death of her husband, caused by the accidental discharge of a pistol with which he was armed while employed by the defendant as night watchman. The court sustained a general demurrer to the petition, and the plaintiff excepted.

The allegations made for the purpose of showing the cause of the decedent's death and the defendant's responsibility therefor were as follows:

"6. It was a requirement of defendant as well as a condition of entry into its service as an employee that said weapon be carried by decedent during the hours of his watch, although there was no necessity of so doing.

"7. Said husband was a young man without means other than his labor, he was likewise without employment, and the job on which he lost his life was the only work offered him, or available at that time; hence it was entered upon.

"8. The exaction of defendant was unnecessary, it did not serve any reasonable purpose in the line of duty assigned decedent by defendant, the imposition of bearing and carrying said weapon was a burden upon and a hazard to said employee, not assumed by said decedent, but exposed him to an artificial danger negligently created by defendant, the consequences of which were alone hurtful to said employee by superadding a risk he did not assume, nor was it incident to his employment.

"9. Not only was this condition capricious, but it disclosed a wanton disregard of the duty defendant owed its said employee for his personal safety. This duty imposed by statute impressed upon defendant a solemn obligation to protect its employee against risks he did not assume as an incident to his duties. This duty it not only neglected, but its exaction in respect to bearing said firearms as herein averred exposed him to a super-danger which resulted in the sudden and violent death of its said employee, by an accidental discharge of said weapon whilst in the prosecution of his duty between the hours of 5:30 a. m. and 7 o'clock in the forenoon of said fateful day.

"10. Whilst it was necessary as well as a legal requirement that a license be obtained from the office of the ordinary of said county, a bond given and a definite period fixed during which said firearms might be lawfully carried as prescribed by statute, yet defendant did not provide such license, a permit to lawfully bear and carry said firearms, but required its said employee to carry said weapon in violation of said statute and his personal safety.

"11. It was a duty owing by defendant to its said employee, to obtain timely license from said ordinary, who alone had authority to grant and issue such permit to bear firearms.

"12. Defendant not only created a super-danger, wantonly and cruelly subjecting its said employee to it, and without notice or warning fixed upon him the status of a culprit. In the absence of such license, defendant's requirement, a condition annexed by it to said employment, was an illegal exaction. Known to defendant, but not known to its said employee, and wholly unnecessary.

"13. Said sudden and violent death resulted from bearing said deadly weapon, and not otherwise, the carrying of which enjoined by defendant upon its said employee, was involuntarily borne by the latter. It is averred said employee was not the victim of his volition, but was lured to death by the discharge of a death-dealing weapon.

"14. By its said illegal, wanton and cruel exaction as herein averred, defendant betrayed a gross disregard of and indifference to the right consideration due a human being who had not equal means or opportunity to the matters and things as alleged herein. as were possessed and enjoyed by said defendant. The disparity between them, as well as distinct and subservient environment resulting from the relative relation of master and servant."

In the original petition and also in an amendment thereto were certain allegations made for the purpose of showing that the case did not fall within the purview of the workmen's compensation act.

Assuming that the compensation act was inapplicable, as contended by the plaintiff, the petition nevertheless failed to set forth a cause of action, in view of the principles stated in the headnotes. The general demurrer was properly sustained.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*